

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ERNEST APPIAH, | ) | |
| | ) | |
| Plaintiff, | ) | 1:26-cv-03395<br>Judge John F. Kness<br>Magistrate Judge: Judge Albert Berry, III<br>RANDOM / CAT 2 |
| | ) | |
| v | ) | Case No. _____ |
| | ) | |
| UNITED AIRLINES, INC., | ) | **RECEIVED** |
| | ) | |
| Defendant. | ) | MAR 27 2026 |
| | | THOMAS G. BRUTON<br>CLERK, U.S. DISTRICT COURT |

COMPLAINT

JURY TRIAL DEMANDED

Plaintiff Ernest Appiah, proceeding pro se, alleges as follows:

### I. JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act of 1964,

   42 U.S.C. § 2000e et seq.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because

   the unlawful employment practices occurred within this District,

   including at O'Hare International Airport in Illinois.

## II. PARTIES

4. Plaintiff Ernest Appiah is a Black employee of Ghanaian national origin residing in Mount Prospect, Illinois.

5. Defendant United Airlines, Inc. is a corporation doing business in Illinois and is an employer within the meaning of Title VII.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

7. Plaintiff received a Notice of Right to Sue.

8. This Complaint is filed within ninety (90) days of receipt of that notice.

## IV. FACTUAL ALLEGATIONS

A. Employment Background

9. Plaintiff was hired in February 2022 as a Ramp Service Supervisor.

10. Plaintiff was promoted to Customer Service Supervisor in July 2024 at O'Hare International Airport.

11. Plaintiff consistently met expectations, worked overtime, and had no prior performance discipline.

B. Early Hostility and Threats by Manager

12. During Plaintiff's first week as a Customer Service Supervisor, Manager Chimuka Munansangu made hostile and threatening remarks, including:

    a. That Plaintiff "was not going to last";

    b. That anyone he says "will not last gets fired";

    c. That Plaintiff should demote based on his financial situation.

13. These statements created an intimidating work environment and demonstrate discriminatory and retaliatory animus.

C. Disability-Related Incident and Unequal Treatment

14. Plaintiff responded to an incident involving a wheelchair-bound passenger improperly left on an aircraft.

15. Another supervisor issued compensation to the passenger.

16. Despite this:

    a. Plaintiff was blamed and investigated;

    b. The supervisor who issued compensation was not questioned.

17. This reflects disparate treatment.

D. August 27, 2024 – Alleged Tardiness

18. Plaintiff reported to work before his scheduled start time.

19. Defendant relied on badge scan data from a parking facility approximately twenty minutes from the work location to claim Plaintiff was late.

20. At the time:

a. Plaintiff reasonably believed he was on time;

b. Plaintiff had never been informed of any "20-minute early arrival rule";

c. Plaintiff responded truthfully based on his understanding.

E. Undisclosed "20-Minute Rule"

21. On September 16, 2024, Plaintiff was informed for the first time of an alleged requirement to be at a guard post twenty minutes prior to shift start.

22. This rule:

a. Is not contained in Defendant's written policies;

b. Was not communicated during onboarding;

c. Was not consistently enforced.

23. Defendant retroactively applied this rule to justify discipline.

F. Mischaracterization as "Dishonesty"

24. Defendant labeled Plaintiff's responses as "dishonest."

25. However:

a. Plaintiff lacked prior knowledge of the alleged rule;

b. Plaintiff answered truthfully;

c. Any discrepancy resulted from misunderstanding, not intent.

G. Selective Enforcement and Lack of Progressive Discipline

26. Defendant failed to provide coaching, verbal warnings, or written discipline.

27. Defendant did not follow progressive discipline policies and instead accumulated allegations to justify termination.

H. November 1–2 Incidents

28. Plaintiff handled a passenger situation and issued a hotel accommodation after receiving approval and following prior guidance.

29. Plaintiff communicated with supervisors regarding an ANP request but did not approve it.

30. Despite this:

    a. Plaintiff was questioned and blamed;

    b. Plaintiff's badge was confiscated;

    c. Plaintiff was removed from duty.

I. False ANP Allegation

31. Plaintiff did not approve ANP for any employee.

32. Plaintiff:

    a. Contacted appropriate supervisors;

    b. Deferred to management decisions;

    c. Complied with final determinations.

33. Defendant's allegation lacks evidentiary support.

J. Biased and Incomplete Investigation

34. Defendant's investigation:

    a. Failed to interview key witnesses;

    b. Ignored exculpatory evidence;

    c. Relied on selective information;

    d. Did not meaningfully involve Human Resources.

35. Plaintiff was not given a meaningful opportunity to respond.

K. Procedural Irregularities

36. From November 2 through termination:

    a. Plaintiff was not contacted by Human Resources;

    b. Plaintiff was not provided findings;

    c. Plaintiff was not allowed to defend himself.

37. These deviations demonstrate pretext.

L. Termination and Shifting Explanations

38. Plaintiff was terminated on November 21, 2024 for "dishonesty."

39. However:

    a. Dishonesty was not previously raised;

    b. Defendant's explanations have been inconsistent;

    c. Reasons differ across internal records, termination letter,

      and EEOC response.

40. These inconsistencies demonstrate pretext.

41. Upon information and belief, Defendant treated similarly situated employees outside Plaintiff's protected class more favorably under comparable circumstances.

## M. Disparate Treatment

42. Plaintiff was treated less favorably than similarly situated employees outside his protected class.

## N. Retaliation

43. Plaintiff engaged in protected activity.

44. Defendant escalated scrutiny and terminated Plaintiff in response.

## V. CLAIMS

## COUNT I – RACE AND NATIONAL ORIGIN DISCRIMINATION (TITLE VII)

45. Plaintiff is a member of protected classes (Black and Ghanaian).

46. Plaintiff was qualified and performing satisfactorily.

47. Plaintiff suffered an adverse employment action (termination).

48. Defendant's stated reasons are false, inconsistent, and a pretext for unlawful discrimination.

## COUNT II – RETALIATION (TITLE VII)

49. Plaintiff engaged in protected activity.

50. Defendant subjected Plaintiff to adverse actions.

51. There is a direct causal connection between Plaintiff's protected activity and Defendant's adverse actions.

## VI. DAMAGES

52. Plaintiff suffered:

    a. Lost wages and benefits;

    b. Emotional distress;

    c. Reputational harm;

    d. Career disruption.

## VII. RELIEF REQUESTED

Plaintiff requests:

a. Back pay;

b. Front pay or reinstatement;

c. Compensatory damages;

d. Punitive damages;

e. Costs of suit;

f. Any further relief the Court deems appropriate.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

Date: _MARCH 27, 2026_

Ernest Appiah

2291 South Lexington Drive #216

Mount Prospect, IL 60056

346-932-4427

Easamoah41@gmail.com

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Chicago District Office**
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
· Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 12/29/2025

**To:** Mr. Ernest K. Appiah
13306 remme ridge lane
HOUSTON, TX 77047
Charge No: 440-2025-01759

EEOC Representative and email:    VANESSA HETHERINGTON
INVESTIGATOR
VANESSA.HETHERINGTON@EEOC.GOV

---

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 440-2025-01759.

On behalf of the Commission,

Digitally Signed By:Amrith Kaur Aakre
12/29/2025
Amrith Kaur Aakre
District Director